IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TROY COULSTON<br><br>v.<br><br>CITY OF PHILADELPHIA, et al. | CIVIL ACTION<br><br>NO. 23-4077 |

### ORDER RE: MOTIONS FOR SUMMARY JUDGMENT

**AND NOW**, this 15th day of August, 2025, upon consideration of David Desiderio's Motion for Summary Judgment (ECF 157), Defendants Ansel, Bentham, Cimino, Harris, Hasara, and Royds' Motion for Summary Judgment (ECF 167), and the City of Philadelphia's Motion for Summary Judgment (ECF 168), Plaintiff's response (ECF 176), Defendants' replies (ECF 178, 180), and Plaintiff's surreply (ECF 184), for the reasons stated in the accompanying Memorandum, it is hereby **ORDERED** as follows:

1. The Estates of Joseph Hasara and John Cimino are **DISMISSED** for failure to prosecute, as they never answered the Second Amended Complaint and Plaintiff never moved for entry of default.[1]

2. Defendant David Desiderio's Motion for Summary Judgment (ECF 157) is **GRANTED**. Defendant Desiderio is **DISMISSED**.

---

[1] The docket reflects that the prior representative of the Estates of Hasara and Cimino executed waivers of service of summons as to the original Complaint on November 9, 2023. ECF 9–10. However, they never answered any of the Complaints. The Court twice noted this on the record. First, in its Memorandum on September 23, 2024 addressing Defendant David Desiderio's Motion to Dismiss, when it commented in footnote one that John Della Rocca as personal representative of the estates of John Cimino and Joseph Hasara did not file a responsive pleading. ECF 94 at 1 n.1. Second, in its Order on other Defendants' Motion to Dismiss, repeating what it stated in its prior Memorandum. ECF 101 at 1 n.1. There is no affidavit of service or other indication on the docket reflecting that Plaintiff attempted to serve or request a waiver from the Estates of Hasara and Cimino on the Second Amended Complaint. Answers to the Second Amended Complaint were due over a year ago. Discovery has now closed and Defendants have filed dispositive Motions. The Court notes also that dismissing these two parties does not dispose of the case, thereby prejudice to Plaintiff is limited.

Based on these facts, the Court finds that the Poulis factors, on balance, are satisfied. Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868–70 (3d Cir. 1984).

3. Defendants Ansel, Bentham, Cimino, Harris, Hasara, and Royds' Motion for Summary Judgment (ECF 167) is **GRANTED**. All counts against Defendants Ansel, Bentham, Harris, and Royds, including Count I for fabrication of evidence, Count II for § 1983 malicious prosecution in violation of the Fourth and Fourteenth Amendment, and Count III for deliberate suppression of exculpatory evidence, are **DISMISSED WITH PREJUDICE**. Count V of the Second Amended Complaint alleging common law malicious prosecution is **DISMISSED WITHOUT PREJUDICE** to Plaintiff filing the common law malicious prosecution claim in state court.

4. The City's Motion for Summary Judgment (ECF 168) is **DENIED**. Count IV of the Second Amended Complaint alleging municipal liability shall proceed.

This case shall proceed against the City of Philadelphia as a defendant. The Court will schedule a pre-trial conference with counsel to take place in September.

BY THE COURT:

/s/ Michael M. Baylson

**MICHAEL M. BAYLSON**
**United States District Court Judge**

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 23\23-4077 Coulston v City\23cv4077 Order re Motions for Summary Judgment.docx