IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TROY COULSTON<br><br>v.<br><br>CITY OF PHILADELPHIA, et al. | CIVIL ACTION<br><br>NO. 23-4077 |

**MEMORANDUM RE: MOTIONS FOR RECONSIDERATION**

Baylson, J.                                                                                           September 24, 2025

## I.  FACTUAL AND PROCEDURAL HISTORY

Given that the Court has previously discussed the factual background of this case at length, it only recites the pertinent facts.  Plaintiff Troy Coulston ("Coulston" or "Plaintiff") was wrongfully convicted 33 years ago for the murder of 19-year-old Michael Haynesworth.  Lacking forensic evidence, the prosecution at his 1992 criminal trial relied on the testimony of two key witnesses—James White and Rashida Salaam—who both implicated Plaintiff as the shooter. Plaintiff and his co-defendant, Christopher Williams, were convicted on January 22, 1992. Plaintiff's appeals and petitions for post-conviction relief between 1992 and 1999 were denied. Decades later, the newly formed Philadelphia District Attorney's Office's Conviction Integrity Unit ("CIU") reviewed his case.

Prosecutors from the Philadelphia CIU conducted an extensive review of Coulston's and Williams' case file in the Haynesworth murder after determining that James White—the critical eyewitness for the prosecution—was not credible.  The CIU concluded from its investigation that evidence was suppressed that could have undermined White's credibility had it been available to the defense at the 1992 criminal trial was suppressed.  The CIU noted that James White provided many contradictory statements to police—statements inconsistent with other witness accounts and

statements contradicting the forensic evidence—and that the additional suppressed inconsistent statements would have been important impeachment material. The CIU conceded that Coulston was wrongfully convicted. The Philadelphia Court of Common Pleas vacated Coulston's sentence, ordered a new trial, and granted the Commonwealth's motion to *nolle pros* Coulston's charges. Coulston was ordered released on November 30, 2021. Plaintiff then brought this § 1983 action against the original detectives from the Philadelphia Police Department's Homicide Division ("Defendant Officers"), the prosecutor from his criminal trial ("ADA Desiderio" or "Desiderio"), and the City of Philadelphia (the "City"), alleging violations of his constitutional rights.

Plaintiff filed the original Complaint on October 21, 2023. ECF 1. On December 22, 2023, before any party answered, Plaintiff filed the First Amended Complaint ("FAC") (ECF 23). Defendant David Desiderio moved to dismiss the FAC on December 29, 2023 (ECF 25), which was fully briefed on January 29, 2024 (ECF 31, 32). After oral argument on February 8, 2024, the Court granted the Motion in part and dismissed Count 5 of the FAC for common law malicious prosecution with prejudice, and all other counts without prejudice as to Defendant Desiderio. ECF 39. Defendants Estate of Francis Ansel (ECF 29), Charles Bentham, Richard Harris, the City of Philadelphia (ECF 40), and Sergeant Royds (ECF 57) each answered the FAC.

On June 24, 2024, Plaintiff filed the Second Amended Complaint ("SAC"), ECF 59, bringing the following claims under 42 U.S.C. § 1983: Fabrication of evidence in violation of the Fourteenth Amendment, against all individual Defendants (Count I); Malicious prosecution in violation of the Fourth and/or Fourteenth Amendments, against all individual Defendants (Count II); Deliberate suppression of exculpatory evidence in violation of the Fourteenth Amendment, against all individual Defendants (Count III); Municipal liability, against the City of Philadelphia

(Count IV); A supplemental claim for malicious prosecution under the laws of the Commonwealth of Pennsylvania, against all individual Defendants (Count V).

On July 18, 2024, Defendant Desiderio filed a Motion to Dismiss (ECF 73), which the Court granted in part, dismissing Count 5 of the SAC for common law malicious prosecution against Defendant Desiderio with prejudice but denying the Motion as to the remaining four claims. ECF 95. On October 16, 2024, the Court denied Motions to Dismiss the SAC by Defendants Bentham, Harris, Royds (ECF 90) and the City of Philadelphia (ECF 89) because those Defendants had already answered the FAC. ECF 101. Those parties responded by filing a Rule 12(c) motion for judgment on the pleadings (ECF 106–07), which the Court denied on November 8, 2024. ECF 111. Defendants Estate of Francis Ansel (ECF 80), Desiderio (ECF 110), Bentham, Harris, Royds, and City of Philadelphia (ECF 105) answered the SAC.[1]

The parties stipulated to the dismissal of Defendant Frank Jastrzembski on June 10, 2025 (ECF 154), and on June 12, 2025, the Court granted Plaintiff's unopposed motion to dismiss Defendants Richard Lynn, Raymond Dougherty, and Lieutenant Holley on the express condition that "no remaining defendant will (a) offer evidence or argue that Lynn, Dougherty, and/or Holley's actions or inactions caused Coulston's conviction or (b) argue that Lynn, Dougherty, and/or Holley's actions or inactions served as an intervening cause resulting in the harms and losses claimed by Coulston." ECF 158.

On June 12, 2025, Defendant Desiderio (ECF 157), Defendants Ansel, Bentham, Cimino, Harris, Hasara, and Royds (ECF 167), and the City (ECF 168) filed Motions for Summary Judgment. Plaintiff filed a consolidated response to the three Motions on June 26, 2025, and filed

---

[1] The Estates of Joseph Hasara and John Cimino did not answer the SAC, and Plaintiff did not move for default. On August 15, 2025, the Court dismissed the Estates of Joseph Hasara and John Cimino for failure to prosecute. ECF 188–189.

3

a statement of additional facts. ECF 177. In his response, Plaintiff withdrew his malicious prosecution claim under the Fourth Amendment and narrowed the claim to Defendant Harris only. The Motions for Summary Judgment were fully briefed on July 17, 2025 (ECF 178, 180, 184).

On August 15, 2025, the Court entered a Memorandum and Order (ECF 188–89) granting Defendant David Desiderio's Motion for Summary Judgment (ECF 157); granting Defendants Ansel, Bentham, Cimino, Harris, Hasara, and Royds' Motion for Summary Judgment (ECF 167); and dismissing without prejudice Count V of the SAC to Plaintiff filing the common law malicious prosecution claim in state court. The Court also dismissed the Estates of Joseph Hasara and John Cimino for failure to prosecute. ECF 188–89. The Court denied Defendant City of Philadelphia's ("Defendant City") Motion for Summary Judgment (ECF 168), allowing Count IV of the SAC alleging municipal liability to proceed. ECF 188–89. Plaintiff timely filed a Motion for Reconsideration on August 29, 2025 (ECF 191), which Defendants opposed on September 12, 2025 (ECF 194). Defendant City also timely filed a Motion for Reconsideration on August 29, 2025 (ECF 192), which Plaintiff opposed on September 10, 2025 (ECF 193).

## II. LEGAL STANDARD

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Mid-Am. Salt, LLC v. Morris Cnty. Coop. Pricing Council, 964 F.3d 218, 230 (3d Cir. 2020) (citing Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Generally, a court should grant a motion for reconsideration under Fed. R. Civ. P. 59(e) only in the presence of one of three grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." In re Processed Egg Prods. Antitrust Litig., 962 F.3d 719, 729 (3d Cir. 2020) (citing *Wiest v. Lynch,* 710 F.3d 121, 128 (3d Cir. 2013)). "Courts should grant these motions only

4

'sparingly' and do so in consideration of the court system's interests in 'finality and conservation of scarce judicial resources.'" Gok v. Roman Catholic Church, 2021 WL 3054793, at *5 (E.D. Pa. July 20, 2021) (Baylson, J.).

However, the Court's Memorandum and Order Regarding Summary Judgment is an interlocutory decision. See Am. Guarantee & Liab. Ins. Co. v. Fojanini, 99 F. Supp. 2d 558, 560–61 (E.D. Pa. 2000) (Reed, Jr., J.) (citing Davidson v. United States, No. 95–1506, 1998 WL 314706, at *5–6 (E.D. Pa. June 15, 1998) (denial of partial motion for summary judgment is not a final judgment or order but an interlocutory decision)); see also Qazizadeh v. Pinnacle Health Sys., 214 F. Supp. 3d 292, 295–96 (M.D. Pa. 2016) (discussing legal standard for motions for reconsideration of interlocutory orders, including summary judgment orders). A district court may reconsider interlocutory orders "when it is 'consonant with justice to do so.'" Am. Guarantee, 99 F. Supp. 2d at 560–61 (citations omitted). Although the standard is more flexible, "[m]ere dissatisfaction with the Court's ruling ... is not a proper basis for reconsideration." Smith v. Presidio Networked Sols., LLC, No. CV 22-736, 2024 WL 3433305, at *1 (E.D. Pa. July 16, 2024) (Slomsky, J.) (citation omitted).

**III.   DISCUSSION – PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff raises two specific grounds for reconsideration (ECF 191-1):

1. The dismissal of all claims against defendants John Cimino and Joseph Hasara for lack of prosecution because of Plaintiff's failure to seek a default judgment due to these defendants not filing an answer.

2. The dismissal of Plaintiff's deliberate suppression claim against defendant Richard Harris.

As to the first, Plaintiff argues there is a clear error of law, as the Court misapplied the Poulis factors and failed to consider the facts surrounding the appointment of the personal representative for the Estates of Cimino and Hasara. Id. at 3–10. Plaintiff admits Defendants Cimino and Hasara were in default because they did not answer, and Plaintiff's counsel did not seek to cure that default. Id. at 7–8. Nevertheless, Plaintiff argues there was no prejudice by the absence of an answer and the proper remedy should be denial of the motion for summary judgment to allow for the filing of an answer, not dismissal for failure to prosecute. Id. at 3–10.

In Opposition, Defendants argue that Plaintiff's Motion is "a classic attempt at a 'second bite at the apple.'" ECF 194 at 1. Defendants argue that Plaintiff is either reframing arguments already made to the Court or making arguments that were available in the first instance to Plaintiff in opposing summary judgment. Id. at 1–2. Defendants, however, spend a significant portion of their Opposition attempting to show how Defendant City's Motion for Reconsideration (ECF 192) is different from Plaintiff's, and replying to Plaintiff's arguments in opposition to Defendant City's Motion. ECF 194 at 2–3. Defendants do not substantively address or engage with Plaintiff's arguments in Plaintiff's Motion for Reconsideration. ECF 194 at 2–3.

Nevertheless, Plaintiff's Motion is just a disagreement with the Court's ruling. The Court did not misapply the Poulis factors, and on balance, the Poulis factors do not support reconsideration. Plaintiff's claims against Defendants Cimino and Hasara would not be meritorious for the reasons explained in the Court's Memorandum and Order. ECF 188–89. Moreover, default is more than just a "technical" matter—it is substantive. Plaintiff's counsel is obligated to take advantage of Defendants' failure to answer and move for default. But the parties did not file motions to file late answers or extend the deadline to file an answer, let alone seek to cure the default. See ECF 188 at 15 n.11, ECF 189 at 1 n.1, ECF 191-1 at 7–8. In these instances,

courts have dismissed the claims with prejudice for failure to prosecute. See, e.g., Green v. Missouri, 734 F. Supp. 2d 814, 856 (E.D. Mo. 2010) (dismissal for failure to prosecute when defendant failed to answer, and plaintiff never moved for entry of default or default judgment).[2] There was no clear error of law for the Court to dismiss the claims against Defendants Cimino and Hasara for failure to prosecute. See R & C Oilfield Servs. LLC v. Am. Wind Transp. Grp. LLC, 45 F.4th 655, 661 (3d Cir. 2022) ("Courts possess inherent power to 'manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'") (citation omitted).

As to the second, Plaintiff argues there is circumstantial evidence that Defendant Harris was the assigned detective in the Haynesworth investigation, and therefore a jury could draw the conclusion that, in that role, Defendant Harris was the lead detective coordinating with the trial prosecutor and was responsible for suppressing favorable evidence. ECF 191-1 at 10–11. However, Plaintiff does not allege there is evidence that Defendant Harris was directly involved in suppressing evidence. See id.

The Court's central reason for granting summary judgment on the deliberate suppression claim was that the individual defendant officers were not personally involved in suppressing evidence. ECF 188 at 31–33. Plaintiff does not allege any new evidence that Defendant Harris was directly involved in suppressing evidence, beyond mere speculation. ECF 191-1 at 10–11. Moreover, Plaintiff previously foreclosed this argument by acknowledging that "no defendant argued that the assigned detective was uniquely or solely responsible for the disclosure of exculpatory information to the prosecutor—indeed, the defendants had voluntarily foreclosed such an argument in exchange for Coulston's agreement to dismiss Detective Lynn as a defendant. …

---

[2] However, some courts have denied the summary judgment motion without prejudice to allow for an answer to be filed. See, e.g., Hadley v. Carrington Mortg. Servs., LLC, No. 23-1224, 2024 WL 4468509, at *2 (S.D. Tex. Oct. 10, 2024).

The parties agreed that no remaining defendant would argue that Detective Lynn's actions or inactions 'served as an intervening cause resulting in the harms and losses claimed by Coulston.'" Id. at 11–12 n.6.

Plaintiff's Motion is simply a disagreement with this Court's rulings and there is no clear error of law.  Accordingly, Plaintiff's Motion is **DENIED**.

### IV.     DISCUSSION – DEFENDANT CITY'S MOTION FOR RECONSIDERATION

Defendant City argues this Court's summary judgment ruling allows Plaintiff's Monell claims to proceed despite finding that Plaintiff cannot establish an underlying constitutional violation.[3]  ECF 192 at 3–4.  Defendant City argues the Court held that there was no underlying constitutional violation because even if one or more officers deliberately suppressed evidence, there was no reasonable probability that had the purportedly suppressed evidence been disclosed, the outcome of Plaintiff's criminal case would have been different.  Id.

In Opposition, Plaintiff argues Defendant City's Motion is a "[s]econd [b]ite at the [a]pple" to argue that the Court should now reach a different conclusion on Plaintiff's Monell claim.  ECF 193 at 2.  Plaintiff argues the record evidence shows that a reasonable jury could find that the suppressed evidence could have changed the outcome, and the Court rightly allowed the claim to proceed to the jury.  Id. at 3–5.

Defendant City mischaracterizes the Court's summary judgment Memorandum and Order (ECF 188–89).  The Court held that Plaintiff could not maintain a claim of deliberate suppression of evidence against the individual defendant officers because Plaintiff had not sufficiently shown the personal involvement of any defendant officer in deliberately suppressing evidence *in this case*. ECF 188 at 31–33, 39 n.25.  However, Plaintiff's Monell claims could proceed to trial because a

---

[3] Notably, Defendant City previously raised this argument in its summary judgment papers (ECF 168 at 7–8), and the Court explicitly rejected the argument.  ECF 188 at 34 n.22, 39 n.25.

8

reasonable jury could conclude there was evidence of a widespread custom of Philadelphia Police Department ("PPD") officers generally suppressing exculpatory evidence, and a genuine dispute as to whether this custom caused Plaintiff's injury. Id. at 36–40. Furthermore, Plaintiff presented sufficient evidence for a reasonable jury to conclude that the City's failure to supervise and/or discipline PPD Homicide Division officers amounted to deliberate indifference and caused a deprivation of Plaintiff's constitutional rights. Id. at 40–42.

Like Plaintiff's Motion, Defendant City's Motion is a disagreement with the Court's ruling and there is no clear error of law. Indeed, Defendant City concedes the very point that it attempts to argue against. ECF 192 at 3 ("The City does not challenge the Court's ruling that a plaintiff can maintain a claim for municipal liability against the City, 'even if the individual officers are not liable so long as there was an underlying constitutional violation.'"). Plaintiff presented sufficient evidence at the summary judgment stage that there are genuine disputes of material fact surrounding an alleged practice and custom of suppressing exculpatory evidence. See ECF 188. There is no injustice to allow this case to proceed to trial—a jury could still find for Defendant City on the Monell claim at trial if Plaintiff fails to prove an underlying constitutional violation. Therefore, Defendant City's motion is **DENIED**.

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 23\23-4077 Coulston v City\23cv4077 memo re Motions for Reconsideration.docx