IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TROY COULSTON**<br>v.<br>**CITY OF PHILADELPHIA, et al.** | **CIVIL ACTION**<br><br>**NO. 23-4077** |

### ORDER RE: MOTIONS IN LIMINE

**AND NOW**, this 18th day of December 2025, upon review of the Parties' Motions *in Limine* and responses thereto (ECF 209–230; ECF 241–259; ECF 263), and consideration of arguments presented to the Court at the December 17, 2025, hearing (ECF 264), it is hereby **ORDERED** that:

1. Defendant's Motion in Limine to Bar Plaintiff from Offering Evidence or Argument for Lost Wages (ECF 210) is **DENIED as moot**.

2. Defendant's Motion in Limine to Bar Plaintiff from Offering Evidence Relating to the Philadelphia District Attorney's Office Conviction Integrity Unit's Investigation and Findings (ECF 210) and Defendant's Motion in Limine to Bar Plaintiff and His Counsel from Calling Arlyn Katen at Trial (ECF 211) are **GRANTED IN PART AND DENIED IN PART**. For the reasons discussed at the December 17, 2025, hearing, the Court will permit Arlyn Katen to testify as to the specific steps they took regarding the CIU investigation, and as a result thereof, with the approval of supervisors, filed a post-conviction motion as to Plaintiff, which resulted in the dismissal of the charges against Plaintiff.

3. Defendant's Motion in Limine to Bar Plaintiff and His Counsel from Claiming that Plaintiff's Conviction was Reversed Based on a Finding of Innocence (ECF 212) is

1

**GRANTED IN PART**.  At the December 17, 2025, hearing, Counsel agreed that the prior proceedings do not establish that Plaintiff is "innocent."  Accordingly, the Court **GRANTS** the Motion as to liability.  The Court reserves ruling on the Motion pending a trial on damages, which will be bifurcated.

4. The Court reserves ruling on Defendant's Motion in Limine for Nominal Damages Based on Plaintiff's Incarceration (ECF 213) pending a trial on damages, which will be bifurcated.

5. The Court reserves ruling on and takes under advisement Defendant's Motion in Limine to Preclude Certain Purported Monell Evidence (ECF 214).

6. Defendant's Motion in Limine to Bar Argument or Suggestions that the Jury Should Punish or "Send a Message" to the City and PPD By its Verdict Against Defendant (ECF 215) is **GRANTED**, as the Parties are in agreement as to the Motion.

7. The Court reserves ruling on and takes under advisement Defendant's Motion in Limine to Exclude Any Use of the Term "Code of Silence," and Other Similarly Prejudicial Terms (ECF 216).  The Court notes that it will not now prevent witnesses from specific testimony, and any argument of counsel will be dependent on the testimony and law.

8. The Court reserves ruling on and takes under advisement Defendant's Motion in Limine to Have Equal Trial Time as Plaintiff (ECF 217), pending the Parties' pretrial memoranda, witness lists, and exhibit lists.

9. The Court reserves ruling on Defendant's Motion in Limine to Exclude Plaintiff's Proposed Witnesses June Thompson and Marc Bookman for Failure to Comply with Fed. R. Civ. P. (ECF 218) pending a trial on damages, which will be bifurcated.

10. The Court reserves ruling on and takes under advisement Defendant's Motion in Limine

to Bar Plaintiff from Offering Evidence or Argument Relating to Other Reversed Convictions in Criminal Cases in Which James White Gave Testimony (ECF 219).

11. The Court reserves ruling on and takes under advisement Defendant's Motion in Limine to Bar Plaintiff from Offering Evidence or Argument that any Police Officer Suppressed Evidence that the Court has Previously Found to be too Speculative to Allow the Case to Proceed on its Basis or that any Previously Dismissed Defendant is Responsible for Suppressing Evidence (ECF 220).

12. The Court reserves ruling on Defendant's Motion in Limine to Bar Plaintiff from Offering Evidence or Argument for the Calculation of Damages According to a "Unit-of-Time" Analysis (ECF 221) pending a trial on damages, which will be bifurcated.

13. The Court reserves ruling on Plaintiff's Motion in Limine to Preclude Evidence of Litigation Loans (ECF 222) pending a trial on damages, which will be bifurcated.

14. The Court reserves ruling on and takes under advisement Plaintiff's Motion in Limine to Preclude Evidence of Prior Civil Litigation (ECF 223).

15. Plaintiff's Motion in Limine to Preclude or Limit Evidence of Prison Disciplinary History (ECF 224) is **GRANTED IN PART**.  The Court finds that Plaintiff's prison disciplinary history is not relevant to liability, and thus the Court **GRANTS** the Motion as to liability. The Court reserves ruling on the Motion pending a trial on damages, which will be bifurcated.

16. The Court reserves ruling on Plaintiff's Motion in Limine Evidence of Substance Abuse (ECF 225) pending a trial on damages, which will be bifurcated.

17. The Court reserves ruling on and takes under advisement Plaintiff's Motion in Limine to Preclude Opinion Testimony as to Plaintiff's Alleged Guilt (ECF 226).

18. Plaintiff's Motion in Limine to Preclude Evidence and Argument Relating to Effectiveness of Prior Counsel (ECF 227) is **GRANTED**. The Court finds this evidence is collateral to the issues in this case.

19. Plaintiff's Motion in Limine for Leave to Ask Leading Questions of Adverse Witnesses (ECF 228) is **GRANTED** as to the specific witnesses identified in the Motion.

20. Plaintiff's Motion in Limine to Preclude Certain Opinions and Testimony of Defendant's Police Practices Expert Joseph Gamble (ECF 229) is **DENIED** for the reasons discussed at the December 17, 2025, hearing.

21. Plaintiff's Motion to Exclude or Limit Evidence of Plaintiff's Unrelated Criminal History (ECF 230) is **GRANTED IN PART AND DENIED IN PART**. The Court **GRANTS** the Motion as to Plaintiff's juvenile convictions, as those are barred under Fed. R. Evid. 609(d). The Court **GRANTS** the Motion as to Plaintiff's adult convictions under Fed. R. Evid. 609(b), except for the conviction(s) for which Plaintiff was serving a concurrent sentence. The Court **DENIES** the Motion as to the conviction(s) for which Plaintiff was serving a concurrent sentence because Plaintiff was released from confinement on those conviction(s) within 10 years. See Fed. R. Evid. 609(a)(1)(A), (b). The Court notes that Plaintiff may be cross-examined on these conviction(s), but such questioning must be limited to the "'essential facts,' such as the number of convictions, the nature of the crimes, when they happened, and the sentence received." Fed. R. Evid. 609(a)(1)(A); The Choice is Yours, Inc. v. Williams, No. 2:14-CV-01804, 2018 WL 661528, at *3 (E.D. Pa. Jan. 31, 2018) (Leeson, Jr., J.) (citing United States v. Mitchell, 427 F.2d 644, 647 (3d Cir. 1970)).

It is further **ORDERED**:

1. The Court reserves ruling on Defendant's Motion to Exclude the Testimony and Report of Plaintiff's Expert Marc Bookman (ECF 232) pending a trial on damages, which will be bifurcated.

2. Defendant's Motion to Exclude the Testimony and Report of Plaintiff's Expert Michael K. Lynch (ECF 233) is **DENIED** for the reasons discussed at the December 17, 2025, hearing.

3. The Court reserves ruling on Defendant's Rule 702 Motion to Bar Plaintiff's Damages Expert Dr. Robert Wettstein (ECF 235) pending a trial on damages, which will be bifurcated.

4. Plaintiff's Motion to Strike Defendant's <u>Daubert</u> Motions (ECF 237) is **DENIED**.

5. Although the Court is denying the Motions to Exclude these expert witnesses on liability issues, the Court fully reserves its discretion to sustain objections at trial, warranted by the evidence that has been received or for other good and sufficient reasons. The Court also intends to set time limits for the direct testimony and cross-examination of each expert witness.

BY THE COURT:

/s/ Michael M. Baylson

_____

**MICHAEL M. BAYLSON, U.S.D.J.**

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 23\23-4077 Coulston v City\23cv4077, order re motions in limine.doc